# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| KAREN McCLARD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 05-3581-CV-S-RED |
| ) | |
| ADMIRAL INSURANCE COMPANY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Now pending before the Court is Plaintiffs' Motion to Remand (Doc. 4), Suggestions in Support of Plaintiffs' Motion to Remand (Doc. 5), Defendant Premier's Joinder in Plaintiffs' Motion to Remand (Doc. 7), Defendant Premier's Suggestions in Support of Joinder in Plaintiffs' Motion to Remand (Doc. 8), Defendant Admiral Insurance Company's Suggestions in Opposition to Plaintiffs' Motion to Remand (Doc. 10), Defendant Admiral Insurance Company's Suggestions in Opposition to Defendant Premier's Suggestions in Support of Joinder in Plaintiffs' Motion to Remand (Doc. 11), Defendant Premier's Reply to Admiral's Opposition to Premier's Joinder in Plaintiffs' Motion to Remand (Doc. 15) and Plaintiffs' Reply to Defendant Admiral Insurance Company's Suggestions in Opposition to Plaintiffs' Motion to Remand (Doc. 16). Upon review of the pleadings, the Court finds that Plaintiffs' Motion to Remand (Doc. 4) is due to be **GRANTED.**

## I. Factual and Procedural Background

This case is an equitable garnishment action authorized by Mo. Rev. Stat. § 379.200. Previously, Plaintiffs Karen McClard, Anna McClard, Joshua McClard, Ann Wrotny, Gary Wrotny and Jonathan Wrotny filed a wrongful death action against Defendant Premier Transportation &

Warehousing, Inc. (hereinafter "Premier") in the Circuit Court of Greene County, Missouri. In that case, Plaintiffs alleged that a tractor trailer driven by Dwight Troyer, an agent of Premier, and insured by Admiral Insurance Company (hereinafter "Admiral"), crossed a median on Interstate 44 and collided with a vehicle which decedent James Wrotny was driving and decedent James McClard was a passenger. Plaintiffs further allege that as a result of injuries sustained in the accident, James Wrotny and James McClard died.

On October 20, 2005, the Plaintiffs and Defendant Premier entered into an agreement pursuant to Mo. Rev. Stat. § 537.065. This provision allows a Plaintiff and tortfeasor to limit Plaintiff's recovery to specified assets or insurance contracts. The agreement first stated that in the event Plaintiffs obtained a judgment against Premier, that Plaintiffs would not execute against "any assets of [Premier], of any nature whatsoever (except those assets specifically reserved and described herein) . . . ." (Doc. 10-2) Next, the agreement stated that Plaintiffs "shall have the right to levy by execution or garnishment on any judgment against (1) Admiral Insurance Company, which may have insured Premier . . . ." (*Id.*) Later the same day, the Circuit Court entered judgment in favor of Plaintiffs Ann Wrotny, Gary Wrotny and Jonathan Wrotny, and against Defendant Premier and awarded said Plaintiffs damages in the amount of $11,209,790.30, plus prejudgment interest accruing at the rate of 9% per annum. Next, the Court entered judgment in favor of Plaintiffs Karen McClard, Anna McClard, and Joshua McClard, and against Defendant Premier and awarded said Plaintiffs damages in the amount of $11,712,331.80, plus prejudgment interest accruing at the rate of 9% per annum.

Following entry of the judgment, Plaintiffs divided into two separate groups. The first group consisted of the McClard Plaintiffs (Karen, Anna and Joshua McClard). The second group consisted

of the Wrotny Plaintiffs (Ann, Gary and Jonathan Wrotny). Pursuant to the judgment and the § 537.065 agreement, each group of Plaintiffs separately filed equitable garnishment actions under Mo. Rev. Stat. § 379.200 against Defendant Insurer Admiral and Defendant Insured/Judgment Debtor Premier in the Circuit Court of Greene County, Missouri on November 21, 2005.

On December 14, 2005, Admiral proceeded to remove both equitable garnishment actions to this Court on the basis of diversity jurisdiction. 28 U.S.C. § 1332(a). The cases were then respectively styled *Karen McClard et al. v. Admiral Insurance Company et al.*, 05-3581-CV-S-RED ("McClard case") and *Ann Wrotny et al. v. Admiral Insurance Company et al.,* 05-3582-CV-S-GAF ("Wrotny case"). The Wrotny case was subsequently transferred to Judge Richard E. Dorr and restyled *Ann Wrotny et al. v. Admiral Insurance Company et al.,* 05-3582-CV-S-RED. Each set of Plaintiffs filed separate Motions to Remand, joined by Defendant Premier, in both the McClard and Wrotny cases. Plaintiffs and Premier contend that these separate cases are due to be remanded because Premier, a named defendant in both cases, has not consented to removal. *See Thorn v. Amalgamated Transit Union,* 305 F.3d 826, 832 (8th Cir. 2002) ("Where there are multiple defendants, all must join in a petition to remove within thirty days of service.")

Because the McClard and Wrotny cases have not been consolidated, the Court will enter a separate order in each case. Accordingly, for the remainder of this Order, the Court will refer only to the equitable garnishment action filed in the McClard case, and the term Plaintiffs, when used, will refer only to Plaintiffs Anna McClard, Joshua McClard and Karen McClard. All document numbers correspond to documents filed in case 05-3581-CV-S-RED.

## II. Standard of Review

When ruling on a motion to remand, courts construe all doubts in favor of remand. *In re*

-3-

Case 6:05-cv-03581-RED   Document 25   Filed 04/03/06   Page 3 of 7

*Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 814 (8th Cir.1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir.1997).

### III. Analysis

The sole issue before the Court in this case is whether Defendant Admiral may remove the underlying state equitable garnishment action to federal court without Defendant Premier's consent. Admiral removed this case to federal court on the basis of diversity jurisdiction, stating that complete diversity existed because Plaintiffs are residents of Arkansas; Admiral is a resident of Delaware and New Jersey; and Premier is a resident of California. *See* 28 U.S.C. §§ 1332(a)(1) and (c)(1). Admiral further asserts that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Neither Plaintiffs nor Defendant Premier challenge the basis for diversity jurisdiction under § 1332.

However, even if all the prerequisites for diversity jurisdiction are met, normally all defendants are required to join in a notice of removal or the case will be remanded. *See* 28 U.S.C. § 1446(a); *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 832 (8th Cir. 2002); *Marano Enterprises of Kansas v. Z-Teca Restaurants*, 254 F.3d 753, 754 n.2 (8th Cir. 2001). This is commonly referred to as the rule of unanimity.

In this case, since Premier has not consented to Admiral's removal, the rule of unanimity would appear to mandate remand to state court. Admiral concedes that the rule of unanimity

applies, but argues in its Notice of Removal (Doc. 2-1) that there is an exception to the rule when one of the Defendants is a "nominal party" against whom no real relief is sought. *Thorn*, 305 F.3d at 832. Admiral argues since this an equitable garnishment action against an insurer, no real relief is being sought against insured Premier. Therefore, Admiral asserts that Premier is a nominal party whose consent is not required for removal.

Plaintiffs and Defendant Premier respond by arguing that under Missouri's equitable garnishment statute, Mo. Rev. Stat. § 379.200, the insured defendant against whom a judgment was entered is required to be joined in a subsequent equitable garnishment action as a defendant. Section 379.200 states in relevant part:

> Upon the recovery of a final judgment against any person, firm or corporation . . . the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company . . . and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, *the judgment creditor may proceed in equity against the defendant and the insurance company* to reach and apply the insurance money to the satisfaction of the judgment. (emphasis added)

Plaintiffs' and Defendant Premier's reasoning on this point is supported by case law. *See Prendergast v. Alliance General Ins. Co.*, 921 F. Supp. 653, 655 (E.D. Mo. 1996) (finding that the plain language of § 379.200 requires joinder of the judgment debtor in a suit in equity against the insurer). Therefore, according to Plaintiffs and Defendant Premier, since the language of the statute requires that the judgment debtor be joined in an equitable garnishment action, it follows that Premier is not a nominal party, and that Premier's consent is required for removal.

In response, Admiral essentially reasserts its argument that since Premier "has no interest or risk of liability in the garnishment action, no ownership interest in the insurance funds at issue, and has relinquished control over the subject matter of the litigation," it is a nominal party whose

consent to removal is not required. (Doc. 10-1) Admiral then points to the § 537.065 agreement entered into between Plaintiffs and Defendant Premier as further reducing Premier's interest in the litigation, in so far as the agreement limited Plaintiffs' ability to seek relief against Premier and Premier's ability to defend against future lawsuits. Lastly, Admiral cites the Missouri Supreme Court's decision in *Mazdra v. Selective Insurance Company,* 398 S.W. 2d 841 (Mo. 1966), for the proposition that a judgment debtor is not a necessary or indispensable party to a § 379.200 equitable garnishment action because a judgment adjudicating the insurer's liability can be rendered without the judgment debtor's presence as a party. *See id.* at 846.

Notably, the Eighth Circuit in *Glover v. State Farm Fire & Casualty Co.,* 984 F.2d 259, 261 (8th Cir. 1993), analyzed *Mazdra* for the proposition stated by Admiral that a judgment debtor need not be joined in an § 379.200 equitable garnishment action. However, the Eighth Circuit expressed "considerable doubt whether *Mazdra* stands for the general proposition that the Missouri courts will ignore the plain statutory command that the judgment debtor be joined in an action under § 379.200." *Glover,* 984 F.2d at 261. Instead, the Eighth Circuit found that the Missouri Supreme Court's discussion of this question in *Mazdra* was limited to whether the insurer had waived this issue by failing to raise it in the trial court, and declined to read *Mazdra* more broadly. *Id.* The Court agrees with the Eighth Circuit that the Missouri Supreme Court's discussion in *Mazdra* of whether or not § 379.200 requires a judgment debtor to be joined in an equitable garnishment action was limited to the facts of that case. Accordingly, the Court declines to adopt Admiral's expansive reading of *Mazdra* in this case.

Moreover, the Court finds that the Eighth Circuit's decision in *Glover* actually recognizes the importance of the insured being named as a party in an equitable garnishment action under §

379.200. *Id.* ("Because the insurer is entitled . . . to assert any defenses it has against the insured, the Missouri legislature had good reason to require that the judgment debtor be joined in the statutory action, even if that action does not expose the judgment debtor to any risk of additional liability.") That is exactly the case here. Currently pending before the Court is a declaratory judgment action styled *Admiral Insurance Company v. Premier Transportation & Warehouse, Inc., et al.,* 05-3478-CV-S-RED, in which Admiral is asserting defenses against its insured, Premier, that would relieve Admiral of any obligation to defend, indemnify or otherwise provide coverage for Premier in the underlying state court actions and the equitable garnishment actions currently pending before this Court. Thus, although though the § 537.065 agreement between Plaintiffs and Premier limits Premier's liability in this equitable garnishment action, the mere fact that Admiral is asserting defenses against Premier in a separate lawsuit provides ample support for the contention that Premier is not merely a nominal party.

For these reasons, the Court finds that insured Premier is not a nominal party for purposes of meeting the unanimous consent requirement for removal. Therefore, Premier's consent was required for the case to be removed to federal court. Since Premier did not consent, and in fact actively opposed removal, there is no unanimity and the case is due to be **REMANDED** to the Circuit Court of Greene County. Accordingly, it is hereby

ORDERED that Plaintiffs' Motion to Remand (Doc. 4) be **GRANTED.** This case is hereby **REMANDED** to the Circuit Court of Greene County. All other pending motions in the above styled case are hereby **MOOT.**

**IT IS SO ORDERED**.

DATE:     March 31, 2006          */s/ Richard E. Dorr*
                                  RICHARD E. DORR, JUDGE
                                  UNITED STATES DISTRICT COURT